## C. C. COOK v. MARY BYBEE.

A married woman may appear in court, and assert her right to the guardianship of her child by a former marriage, without joining her husband.

The right of guardianship, when devolved by law upon the mother, cannot be assigned or transferred by her; and if she did intend to relinquish and transfer it to another, she may renounce such an intention and assert her right, though the guardianship have, in the meantime, been conferred by the County Court, on the party in whose favor she relinquished it.

There are cases, however, in which a parent, who has accepted legacies given, or donations made to the minor, upon condition that he should relinquish the control of the minor's education, will not be permitted again to assert his right to it.

The right to the guardianship of a minor, by virtue of the father's will, is lost, if the party upon whom it is conferred, fail to accept the appointment and obtain letters of guardianship within six months from the probate of the will, although, in the meantime, he may, as administrator, have had possession of the estate of the father, and the actual custody of the minor.

APPEAL from Williamson. Tried below before the Hon. Edward H. Vontress.

This was a proceeding commenced in the County Court by the appellee, Mary Bybee, a married woman, (without being joined by her husband,) against the appellant, C. C. Cook, to remove him from the guardianship of the person and estate of R. A. Cook, a minor, seven or eight years old, and a son of the plaintiff by a former marriage, and for the appointment of herself as guardian of the said minor.

The defendant, who was the grandfather of the minor, claimed that he was testamentary guardian, by virtue of the will of the deceased father of the minor; that he had accepted the appointment conferred upon him by the will, and had obtained. letters of guardianship of the person and estate of the minor from the County Court of Williamson county, and had in all things properly managed the estate of his ward. He further alleged, that letters testamentary were granted him on the will of R. A. Cook, deceased, the father of the minor, at the June

Term, 1852, of the County Court of Williamson county; and that he immediately took upon himself the administration of the estate of the said R. A. Cook, deceased; and that the plaintiff had, at the time of the execution of the will, consented to its provisions, and after the death of R. A. Cook, assented to it in all respects. And in order that he might comply with the will, immediately after the death of said R. A. Cook, he moved the plaintiff and the minor to his house; that she resided with him for more than twelve months, and then voluntarily left; that he had supported the minor during that time. He further alleged, that the plaintiff had voluntarily relinquished her right to the guardianship of the minor, and assigned the same to him, by an instrument in writing. The defendant also objected that the plaintiff was a married woman, and that her husband had not joined her in prosecuting her suit.

The father of the minor, died in the spring of 1852, and his will was admitted to probate, and letters testamentary were granted to the defendant, at the June Term, 1852, of the County Court of Williamson county. At the June Term, 1853, of the said court, he made a final settlement of the administration of the estate, and was at that term of the court appointed guardian of the minor. The said R. A. Cook, deceased, in his will, directed that his father, the defendant, should take into his possession, immediately after his death, all of his property; that he should move the wife and child of the testator to his house, and support them out of his, the testator's, property; and if his wife should remove from his father's house, or marry again, that his father should take the child and raise and educate it.

The following instrument was that relied upon, by the defendant, as a transfer by the plaintiff, of her right to the guardianship of the minor, to wit:—

"For the purpose of carrying into effect the provisions of the will of my deceased husband, I, Mary Cook, widow of the deceased, R. A. Cook, hereby make known, that I renounce all claim that I have, or might have, by law, for one year's provision for the support of the family, and for what is by law ex-

empt from execution; and I also hereby agree, to accept the will, and desire it to be, in every respect, carried into effect."

On the trial, the defendant proved, by A. J. Cook, a witness, that this instrument was executed, "in consideration," in the language of the statement of facts, "of cow property; did not know how many cows were given; knew that one cow was given at the time of its execution; that plaintiff had retained the property so received, ever since; and that the defendant, at the same time, undertook to support the minor, at his own expense."

There was a judgment in the County Court, in favor of the plaintiff, which, on appeal to the District Court, was affirmed, and the defendant again appealed, to this court.

*Walker & Hughes,* for the appellant.

*Joseph Lee,* for the appellee.

BELL, J.—It was objected, in the District Court, that the appellee, Mary Bybee, could not maintain this suit, in her own name, without being joined by her husband. The whole case was submitted to the judge below, without a jury, and there does not appear to have been any action of the court below, upon the objection, that the husband did not join in the suit; nor is the point made in the assignment of errors. We are of opinion, that the appellee, as the natural mother of the infant, was competent to assert her right to the guardianship of her child, without being joined by her husband, inasmuch as the law provides, that, "the mother," under certain circumstances, "shall be entitled to the guardianship of her minor children, and shall have the custody of their persons, education, and estates." It may be true, that where the mother is required to give bond, as guardian, she ought to be joined in the bond by her husband, if she be again under coverture. But if this be so, it does not prevent her from appearing in court, to assert her right to the guardianship of her minor children.

In case of the death of the father, the law devolves upon the surviving mother, not only the guardianship of the persons of her minor children, but also the right to the guardianship of their estates, if any they have. There are thus united in her, the duties of a guardian by nature, and, with some modifications, perhaps, the rights, powers, and duties, of a guardian in socage. It is contended, in behalf of the appellant, that the appellee relinquished her right to the guardianship of her child, and surrendered that right to him. The guardianship which the law devolves upon the mother, in respect to the person and estate of her minor child, is a right, which she may assert ; and it is also a trust which the law does not permit her to assign or transfer to another, which she cannot devise, and which is not transmissible by succession. Even, therefore, if it had been the intention of the mother, the appellee in this case, to relinquish the guardianship of her child, and to transfer the guardianship to the appellant, which we do not think is at all clear, the law, in its wisdom and beneficence, would permit her to renounce such an intention, and to resume the guardianship of her child ; especially where a subsequent marriage, as in this case, would cause a separation from her child, unless she could be permitted to assert her right to the guardianship.

It is true, that there are cases, in which the father of a minor, after surrendering his control of his child's education, has not been permitted again to assert his right to such control ; but those are cases where legacies were given, or donations made by third persons, to the minor, upon condition that the father would relinquish the control of the minor's education; and where the father had acceded to the conditions imposed. There is nothing in the present case, to place it in the class of cases just mentioned.

The right of the appellant, to the guardianship of the minor, in this case, by virtue of the provision of the will of the father of the minor, was lost by the failure of the appellant to appear before the court where the will was probated, and accept of the appointment, and obtain letters of guardianship, within six months

after the probate of the will. (O. & W. Dig., Art. 957.) Upon the whole case, we think there was no error in the judgment of the court below, and the same is therefore affirmed.

Judgment affirmed.