CURTIS ET AL. V. CRANE ET AL.

**Injunction**: DISSOLUTION. A temporary injunction granted in vacation is not dissolved at the next term of court by the mere failure to procure an order making it perpetual. Sections 3795 and 3796 of the Revision do not apply to such a case.

*Appeal from Monona District Court.*

FRIDAY, JUNE 12.

A writ of injunction was allowed by the judge of the 1st Circuit of the 4th Judicial District restraining defendants from holding religious meetings in a certain school house, until the further order of the District Court. This writ was served April 19, 1872.

At the September term, 1872, of the District Court, defendants filed a motion to dismiss the suit for alleged defects in the injunction bond. The motion was overruled, and defendants answered, and plaintiffs filed depositions in support of the allegations of the petition. At the January term, 1872, the cause was continued generally.

On the 8th of July, 1873, defendants moved that the cause be stricken from the docket on the following grounds:

1. That the writ of injunction was a temporary one allowed by the circuit judge in vacation, and at no term of the court since the injunction was ordered, has any action been taken to make the injunction perpetual.

2. The injunction was prayed for and allowed as an independent means of relief.

At the same time the plaintiffs demanded a hearing upon the merits, and for the purpose of showing that they had been guilty of no laches, offered to introduce depositions of witnesses duly taken in support of the allegations of their petition, and filed in conformity with the rules of practice relating to the trial of equity causes.

The court refused to receive the evidence, and refused to hear the cause upon the merits, and dismissed the action on

the ground that the order allowing the injunction, made by the circuit judge in vacation, continued in force only until the first term of court after the allowance, and, as no application was made at said term to continue the injunction in force, or make it perpetual, it was thereby dissolved. Plaintiffs excepted and appeal.

*Monk & Sellick*, for appellant.

No appearance for appellees.

DAY, J.—The order of the court was erroneous. There is nothing in the statute to countenance the view that an injunction granted in vacation is dissolved without order of the court. Every implication is against such a view. The order of allowance may be made by a judge in vacation. Rev., § 3775. Before granting it the judge may allow the defendant to show cause why the order should not be granted. Ib., § 3781. If the writ is granted without allowing the defendant to show cause, he may at any time before the next term, apply to the judge to vacate or modify it. Ib., § 3782. The defendant may move to dissolve the injunction either before or after the filing of the answer. Ib., § 3790.

Sections 3795 and 3796, of the Revision, do not apply to this case. They refer to orders issued by a judge in vacation, directing the officers of the court in relation to the discharge of their duties. The injunction restrained the defendants until further order of the District Court. In the absence of statute or rule justifying such procedure, there is no authority for holding that the injunction is dissolved without further order. It continues in force until it is dissolved or modified.

REVERSED.