## SHAW v. McHENRY.

1. **Judgment:** ORDER OF JUDGE: COLLATERAL REVIEW. An order of a judge who has jurisdiction of both subject-matter and the parties, duly made in a proceeding, is never void, but at most only voidable, and can only be reviewed or changed in a direct proceeding for that purpose, by appeal or some other proceeding authorized by law, and cannot be reversed, set aside, or evaded, in a collateral proceeding by any other court or judge.

2. ——: ——: WHEN MADE IN VACATION. Section 2924 of the Code, providing that orders made by a judge in vacation shall only remain in force until the second day of the ensuing term of court, applies only to the orders contemplated in section 2923.

3. **Jurisdiction:** DIVORCE: CUSTODY OF CHILD. The provisions of section 2229 of the Code, empowering the court to modify decrees of divorce in relation to the custody of children, when rendered expedient by subsequent circumstances, do not confer exclusive jurisdiction in the matter upon the court which rendered the decree. Whether or not the word "court" in the last clause of the section should be construed *courts, quære.*

4. ——: ——: ——. Where a child, which had been awarded to the custody of the father by a decree of divorce in the District Court, was placed in the hands of the sheriff under an order of the circuit judge procured by such parent, directing the sheriff to deliver the child into the custody of a person residing in another county, *held*, that the district judge had no jurisdiction to issue an order upon the application of the mother enjoining the removal of the child from the county, and directing its delivery by the sheriff to another person.

### SATURDAY, OCTOBER 25.

THIS is an original proceeding in this court. The petition was presented to one of the judges, who ordered that a writ of *certiorari* issue directed to the defendant, to certify certain records and proceeding to this court, to the end they might be reviewed as provided by law. The defendant having made his return, the questions involved are stated in the opinion.

*Maxwell & Witter*, for plaintiff.

*Smith & Baylies*, for defendant.

SEEVERS, J.—In 1876 the plaintiff brought an action in the District Court of Polk county, in the fifth judicial district, for a divorce from his wife, Florence Shaw, and to obtain the custody of their only child, Lillian M. Shaw. The relief asked was granted, and a decree accordingly entered in December, 1876. Having custody of said Lillian under the decree, the plaintiff placed her in the custody and in the care of John Montgomery.

In June, 1878, the said Lillian, being then about eight years old, by her next friend and father (the plaintiff herein) presented a petition to the Hon. John Mitchell, judge of the first circuit of the fifth judicial district, in which it was alleged the said Lillian was "restrained of her liberty" by said John Montgomery. In accordance with the prayer of the petition a writ of *habeas corpus* was issued by said judge. Montgomery made a return to the writ, and it was found and determined by said judge that said Lillian was "restrained of her liberty" by said Montgomery. Webster Mains, of Mills county, was appointed her special guardian, and she was awarded to his care and custody. The order made by said judge directed the sheriff to deliver said Lillian to said special guardian. This order was not executed, because "Mrs. Eliza Montgomery kidnapped said child and carried her away to another state, and there kept her domiciled until an indictment had been found against her for said crime, when she and said Lillian were brought to Polk county in charge of an officer." At what time this occurred does not appear.

On the 16th day of December, 1878, the said circuit judge made an order that the sheriff proceed to execute the order previously made by him, which is hereinbefore mentioned.

On the second day of January, 1879, Florence Shaw presented a petition to the defendant, as judge of the District Court, in which she prayed the following relief: "That John W. Shaw may. be required to answer this her petition, and upon the hearing of the same the custody of said Lillian M. Shaw may be awarded to defendant (Florence Shaw), and she further prays that during the pendency of this proceeding said Lillian M. Shaw may be placed in the custody of some suit-

able person, to be held and kept within Polk county, Iowa, until the further order of this court, and that the sheriff of Polk county may be restrained from removing her out of said county." On the same day the defendant, as judge of said District Court, made the following order in the premises: "It is therefore ordered by me that upon the filing by Ella Holmes of a bond with the clerk of the District Court of Polk county, conditioned in the sum of three hundred dollars that she will take said child into her custody, and keep her within Polk county, Iowa, and obey the further order of this court with reference to said child, with sufficient surety to be approved by said clerk, then that the sheriff of Polk county shall deliver said Lillian M. Shaw to said Ella Holmes."

The legality of this order is the question to be determined in this proceeding, and in reference thereto we have to say:

I. The writ of *habeas corpus* is a writ of right guaranteed by the Constitution, Art. 1, Sec. 13. It issues in behalf of any

1. JUDGMENT: order of judge collateral review.

one who is illegally restrained of his liberty, and may be allowed by the Supreme, District or Circuit Court, or any judge thereof. Penalties are imposed on any judge who "wrongfully and willfully" refuses the writ when properly applied for. Code, Secs. 3449, 3451, 3457. The only limitations are, an application for the writ must be made to the most convenient judge, and it may be disallowed if from the showing made by the petitioner the court or judge is of opinion he is not entitled to any relief whatever. Code, Secs. 3452, 3453.

It is not claimed, and it could not be successfully, that the allegations of the petition were not sufficient to authorize and require the circuit judge to issue the writ. The contrary clearly appears. This being true, said judge had jurisdiction of the parties, and the subject-matter. It follows that the order made by said judge was not void, but voidable at most, and could only be reviewed, reversed or changed in a direct proceeding by appeal or some other proceeding known to the law. As long as it remained in force it was entitled to full faith and credit. It could not be reversed, set aside or evaded in a collateral proceeding by any other court or judge.

II. It is insisted that said order only remained in force during the vacation of the Circuit Court, and for the first two days of the ensuing term. This thought is based upon the following provisions of the Code:

*2. —: —: when made in vacation.*

"Sec. 2922. Every direction of a court or judge made or entered in writing and not included in a judgment, is an order.

"Sec. 2923. For good cause shown, a judge's order may issue in vacation, directing any of the officers of the court in relation to the discharge of their duties.

"Sec. 2924. Such order shall be in force only during the vacation in which it is granted, and for the first two days in the ensuing term."

These sections were taken without change from the Revision, except in their arrangement. In the Revision they were numbered 3427, 3795 and 3796.

In *Curtis v. Crane*, 38 Iowa, 459, it was held that what is now section 2924 of the Code only referred to the orders contemplated in section 2923. The slight difference in the arrangement of these sections will not warrant us in changing the construction established in the foregoing case. The fact that Webster Mains lives in Mills county would not have the effect of making the order of the circuit judge void.

III. It is provided by statute that "where a divorce is decreed the court may make such an order in relation to the children, property, parties, and the maintenance of the parties, as shall be right and proper. Subsequent changes may be made by the court in these respects when circumstances render them expedient. Code, section 2229. It is insisted the District Court retained jurisdiction for the purpose of making the changes contemplated by the statute, and that such was the object sought in the petition filed in said court on which the order in question was based.

*3. JURISDICTION: divorce: custody of child.*

Conceding this to be true, the argument must assume of necessity that the jurisdiction of the court granting the divorce is exclusive, and that no other court or judge can make an order in relation to the custody of the children before the jurisdiction of the court granting the divorce is invoked. Now

it is certainly true this may never be done; the argument must go beyond this and assume that if a court or judge whose jurisdiction is otherwise undoubted makes such an order, it becomes void and of no effect when the jurisdiction of the court granting the divorce is invoked. This cannot be, and no warrant is found therefor in the statute. Upon principle such a construction cannot be sustained.

Construing the foregoing section, it was held in *Blythe v. Blythe*, 25 Iowa, 266, and *Wilde v. Wilde*, 36 Id., 319, that no subsequent change could be made in relation to alimony unless there was a showing there had been a change of circumstances which rendered it expedient; thus, in effect, requiring a new case to be made out before the court could make a change in the decree. In view of this holding it may be that the word "court" in said section should be construed to mean "courts." "Words importing the singular number may be extended to several persons or things." Code, section 45, subdivision 3.

But passing this question, and also the further one that the statute contemplates the change should be made by the court and not by the judge, we have to say we think the defendant exceeded his jurisdiction in making the order in question.

Whether the defendant as district judge could enjoin the removal of the child from Polk county under an unexecuted order of the circuit judge may be doubtful. We pass this question also.

The order went much further than this. It took the child from the custody of the sheriff, and placed it in the custody of another person, thus effectually obstructing, revoking and changing a valid order made by the circuit judge in a collateral proceeding. This the defendant had no power to do. No warrant can be found therefor in the statute, and upon principle it cannot be sustained. *Andrews v. Andrews*, 15 Iowa, 423, does not conflict with the foregoing view.

The order made by the defendant as district judge is, therefore, set aside and annulled, and Florence Shaw must pay the costs in this court.