ARKANSAS CHILDREN'S HOME SOCIETY *v.* WALKER.

Opinion delivered December 6, 1920.

GUARDIAN AND WARD—RIGHT OF DEPENDENT CHILD TO CHOOSE GUARDIAN.
—Where the Arkansas Children's Home Society was appointed guardian of a dependent child under fourteen years old, she was entitled, under Acts 1909, § 9, p. 518, to choose her own guardian when she reached the age of fourteen years.

Certiorari to Boone Chancery Court; *Ben F. McMahan,* Chancellor; affirmed,

*G. D. Henderson* and *Geo. J. Crump,* for petitioner.

1. The question here has been determined against the decision of the chancellor by this court in *Ex parte King,* 217 S. W. 465. The juvenile act is constitutional. By Kirby's Dig., §§ 3776-7, all jurisdiction was taken from the circuit courts and vested in the probate courts exclusively. 40 Ark. 433; 98 *Id.* 63; 135 S. W. 461.

2. Upon general principles of law and irrespective of the juvenile court act and 217 S. W. 465, the decision of the chancellor was error. 16 Ark. 377; 52 *Id.* 303; 116 *Id.* 365. The custody of the minor belongs rightfully to the petitioner, and it should be so awarded. Juvenile Court Act, § 7.

*E. G. Mitchell* and *Pace & Worthington,* for respondent.

The decree is correct, because (1) the application for the writ alleges that under act 215, Acts 1911, the juvenile court of Mississippi County appointed petitioner as guardian of Clara Neely and the copy of the court order exhibited with the complaint specifies that "the said Arkansas Children's Home Society be duly appointed guardian of said minor and have her care and custody. No authority is contained in act 215, Acts 1911, for the appointment of a corporation as guardian of a minor. § 7, act 215. The minor was not committed to Arkansas Children's Home Society, but an effort was made by the juvenile court of Mississippi County to appoint this corporation guardian of the minor. If such act does not authorize the appointment of such society as guardian of the person, and it does not, the action of the chancellor in denying the writ is correct. (2) If such society under our general laws may act as guardian, then under the further provisions of the same law, the society shall have all the powers and duties of guardian of the child until she is fourteen years old, when such child shall choose her own guardian. (3) Under Kirby's Dig., § 3772, a child fourteen years old may choose another guardian before the proper court. The case in 217 S.

W. 465 does not settle the question, as it was not involved nor decided.

The Legislature, in the adoption of the act of 1911, clearly recognizes and defines the distinction between the two clsses of children. See section 17. In cases of dependency it is the chief purpose of the law to provide such child a home and family by adoption, while in cases of delinquents, where necessary, such child may be confined in a suitable institution for its advancement and education.

No allegation is made that the child as now situated is not in good and worthy hands and in a comfortable home, with all benefits and advantages of home life and in proper surroundings and with necessary educational facilities.

No showing is made in the record as to how the minor became a resident of Boone County or in the home of respondent. But, be that as it may, she is not, whether petitioner society had relinquished its right to her personal custody, or waived its alleged guardianship, authority, or consented to the child's change of residence, it is certain that no charge is made that the minor has escaped or run away from the school, or that she is confined against her will in the home of respondent, or that she is not in proper surroundings. Under Kirby's Dig., § 3772, the proper court for the appointment of the guardian at the choosing of the minor upon reaching fourteen years is in the county of the minor's *residence* at the time of the choosing and not the legal domicile of such child. The terms *"residence"* and *"domicile"* are not synonymous nor convertible. 54 So. Rep. 400, and the New York court holds that where an orphan has been placed by a society in a home of a resident of a school district under an arrangement whereby the society paid its board, clothing, etc., the child was entitled to school privileges as a resident, etc. 104 N. Y. Supp. 122. For numerous cases, distinguishing the words "residence" and "domicile," see 2 Words & Phrases (Second Series), p. 135.

SMITH, J. Appellant filed a petition to recover the custody of Clara Neeley from the respondent. From the pleadings and exhibits thereto it appears that on December 11, 1917, Clara Neeley, who was then thirteen years of age, was a resident of Mississippi County, Arkansas, and on that date the county judge, as judge of the juvenile court of that county, made an order appointing appellant guardian for said minor. That order recited that the minor had no one to care for her, and adjudged "that the said Clara Neeley be taken from its said custodian (whose name does not appear in the order), and that the said Arkansas Children's Home Society be appointed guardian of the said minor, and shall have the care and custody of said minor, with full authority to appear in court in any proceeding for the adoption of said child, and to consent to such adoption." This order was made under the authority of act 215 of the Public Acts of 1911 (page 166), creating juvenile courts in the several counties of the State.

In some manner, which does not appear from the briefs, Clara Neeley became a resident of Boone County, and on April 5, 1920, filed a petition in the probate court of that county, in which she recited that both her parents were dead; that she was 15 years, 10 months and 22 days old; that she had been furnished a good home by respondent and his wife, and she prayed that she be allowed to name respondent as her guardian pursuant to her right under the statute (§ 3772, Kirby's Digest) to select her own guardian. The probate court made the order prayed for, and thereafter this proceeding was commenced.

The chancery court found that Clara Neeley was a resident of Boone County; that she was over fourteen years old, and had been permitted by the probate court of that county to exercise her statutory right to select a guardian; and dismissed the petition for *habeas corpus,* and this appeal is from that order.

It is first insisted for respondent that the order of the juvenile court of Mississippi County appointing peti-

tioner guardian was void, for the lack of authority under the act creating the juvenile court to appoint as guardian a corporation. But we pretermit a discussion of that question.

It is insisted, for petitioner, that the juvenile court act should be read in connection with act No. 170 of the Acts of 1909 (page 518), in which last named act authority is given to appoint as guardian the Arkansas Humane Society, or other similar society incorporated under the laws of this State. But, if this be true, it is also true that in section 9 of the act of 1909 it is provided that "when appointed guardian of any such children, the said society shall have all the powers and duties of guardian of the persons of said children until they reach the age of fourteen years, when they shall be permitted to choose their guardian for themselves, subject to the approval of the court."

It will be observed that Clara Neeley is not a delinquent child, but was a dependent one, and there is no allegation that the juvenile court committed her to the Arkansas Children's Home Society. Upon the contrary, that society was named guardian, just as some individual might have been. There is no allegation that the child escaped, or fled from the custody of the society, or that she is now being held against her will by respondent, or that her present surroundings are objectionable.

It is insisted for appellant that the decision of this court in the case of *Ex parte King,* 141 Ark. 213, is decisive of the instant case, and calls for the reversal of the order of the chancery court. Counsel quote the statement from that opinion that the provisions of the Constitution vesting in probate courts original, exclusive jurisdiction in matters relating to guardians refer to the private guardianship of the person and estate of minors, that is, the guardianship as it affects the person and estate of the individual minor, and not the interests of the public, and that the jurisdiction over infants, so far as their conduct and condi-

tion might affect, not only themselves, but also the welfare of the communities in which they reside, was vested in some other tribunal. The minor in that case, who sought release by habeas corpus, had been adjudged a delinquent by the juvenile court of Independence County, and had been committed as a delinquent to the State's Industrial School for Girls. The point there decided was that it was competent for the General Assembly to confer on the county court the jurisdiction there given to the juvenile courts, and it was therefore held that the confinement of the petitioner was not illegal.

But here we have no adjudication of delinquency, nor order of confinement. An ordinary guardian has been appointed, which (if it has authority to act) is subject to the control or order of removal by the probate court as other guardians would be.

It is quite obvious that the act creating juvenile courts makes a distinction between a dependent and a delinquent child. Section 17 of the act, in defining the purpose of the act, emphasizes this difference. It is there declared to be the purpose of the act, in all cases of dependency, when it can be done, to have the dependent child placed in an approved home, to there become a member of the family by adoption, or otherwise; whereas, in cases of delinquency, the child may, if it is found necessary, be placed in a suitable institution for detention.

It is apparent, from the record before us, that Clara Neeley was never delinquent, and is no longer dependent; that she is past fourteen, and has been permitted by the probate court to select her own guardian; the result of all of which is to promote the declared purpose of the act creating the juvenile court. The court was correct, therefore, in dismissing the petition for the writ of habeas corpus, and that order is therefore affirmed.