**DICKSON et al. v. McLAUGHLAN.**

No. 9822.

Court of Civil Appeals of Texas. Galveston.

April 27, 1932.

Rehearing Denied June 9, 1932.

A. E. Masterson, of Angleton, and Douglas & Black, of San Antonio, for appellants.

Robt. L. Sonfield, of Houston, and Rucks & Enlow, of Angleton, for appellee.

**GRAVES, J.**

This appeal is from an order of the district court of Brazoria county of February 12 of 1932, refusing to dissolve a temporary injunction it had issued on the preceding August 29 of 1931 in the same cause between these litigants then and still pending in that court, that is, No. 24677 on the docket thereof, styled O. B. McLaughlan vs. Edith Dickson, et al., in which an agreed judgment between them on March 5 of 1931 had determined the custody of the minor child, Jean McLaughlan, until June 1 of 1932, whereby until a final trial of such original cause, on the application of plaintiff therein, O. B. McLaughlan, the defendants, Mrs. Dickson and husband, who appear here as appellants, were restrained "from teaching said child Jean McLaughlan that her name is Jean Dickson, or calling said child Jean Dickson, and from holding out to the public that said child is named Jean Dickson, or from telling the school authorities where said child may be entered in school that said child's name is Jean Dickson, and from having said child registered in school under the name of Jean Dickson."

Appellants contend the court should have granted their motion for relief against the quoted writ, because:

(1) The appellee McLaughlan had no legal right in the child, nor to control her name, since the purported adoption of her on March 12 of 1927, by himself and his wife at that time, now appellant, Mrs. Dickson, was wholly void.

(2) The venue of the suit for the injunction was in Bexar county, and the court erred in overruling appellants' plea of privilege to be sued there.

(3) "The evidence was insufficient to justify the granting of the writ, because there was no evidence of any effort by appellants to change the child's name, or of any threat to do so, except by a statement of appellee on the witness-stand that the child had told him that Mrs. Dickson had changed her name to Jean Dickson."

(4) "The effect of the temporary injunction herein granted was to cover the whole controversy, and therefore the temporary writ was unauthorized."

None of these presentments, we conclude, should be sustained, since no abuse of a sound judicial discretion on the part of the able and conscientious trial judge is made to appear. In reaching this decision, we find no intricate questions of law involved, either as affecting the venue of the appellee's move for the challenged writ, or otherwise, rather, merely a proper requirement that the principal parties stick to what, in effect, they had in the previously mentioned agreed judgment solemnly engaged themselves to do touching this little child, whom the fortunes of life had formerly put into their joint keeping; in 1927, while husband and wife, living together as

such in Brazoria county, they had both formally executed and put of record in the county clerk's office there a written instrument, undertaking to thereby adopt her as their own child and give her as such the name of "Jean McLaughlan."

Subsequently, in January of 1931, after their marital partnership had terminated and the former Mrs. McLaughlan of Brazoria county had become the present Mrs. Dickson of Bexar county, this original suit No. 24667 in the district court of the former ensued between these two alone; the sole subject-matter of it being the custody of this child. In that cause on the following 5th of March, with both parties in court and acknowledging its jurisdiction over themselves as well as over the child, and expressly consenting thereto, the trial court entered the agreed decree before referred to, whereby the care and custody of the child as between them was disposed of from that date until June 1st of 1932, by providing that each should take her part of the time in accord with detailed stipulations, subject to these specific reservations:

"5. It is further ordered, adjudged and decreed that the plaintiff and defendants are hereby enjoined and restrained each from interfering with or harassing the other in the care, custody and control of said child as herein provided and decreed, and during any of said period; and from removing said child from the jurisdiction of the Court. * * *

"6. It is agreed between the parties to this suit and it is accordingly so ordered, adjudged, and decreed by the Court, that this judgment and decree provides for the care, custody, and control of said child, Jean McLaughlan, until June 1st, 1932, and not not thereafter, but that the care, custody and control of said child after June 1st, 1932, shall be subject to the further orders of this Court."

■ That decree is not only still binding on both litigants, the time it was to run not yet having expired, but its having been agreed to and accepted by Mrs. Dickson subsequent to both the filing and overruling of her plea of privilege to be sued in Bexar county, where she then lived, on the appellee's bill for temporary injunctive relief against her, resulted in a waiver of that plea.

The agreed judgment entails such legal result, we think, wholly irrespective of whether or not the cited instrument constituted a valid statutory adoption of the child, since it was at least a mutual undertaking between the parties touching that matter; at all events, the court in the circumstances plainly had jurisdiction over the parties and the subject-matter of their controversy, as well as the power to so dispose of the custody of the child. Jordan v. Jordan, 4 Tex. Civ.

App. 559, 23 S. W. 531; Estes v. Presswood (Tex. Civ. App.) 137 S. W. 145, 146; Whittenberg v. Craven (Tex. Com. App.) 258 S. W. 152; Douglass v. Stover (Tex. Civ. App.) 268 S. W. 1039.

■ Furthermore, the temporary injunction having been sued out of this pending main cause, which had to do with nothing else than the custody of this child between these same individuals, was just a proceeding ancillary thereto; hence was maintainable in Brazoria county anyway. Article 4650, R. S. 1925; International & G. N. Ry. Co. v. Anderson county (Tex. Civ. App.) 150 S. W. 239, 248; Id., 106 Tex. 60, 156 S. W. 499, 500; McDade v. Vogel (Tex. Civ. App.) 173 S. W. 506; Geary v. Word (Tex. Civ. App.) 259 S. W. 309; Gist v. Turner (Tex. Civ. App.) 32 S.W.(2d) 399; City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W. (2d) 272, 274.

As concerns the sufficiency of the evidence to support the order of the court, we have not had difficulty. It seems to us clear that, taking into consideration all the facts and circumstances shown, there was enough to sustain the trial court's finding in that respect.

Further detailed discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The trial court's judgment has accordingly been affirmed.

Affirmed.