Affirming.
William M. Stringer, a resident of Pulaski county, died testate in 1927 and left surviving three children, Dorothy, Willard, and Kenneth, his wife having previously died. He provided in his will that Kassiah Beasley take his three children and that she have the rent from his two farms to support them, and if the rent was not sufficient for that purpose, she was to have pay out of any money he might have. He further provided that his children share equally in his real estate, consisting of two places, and his personal estate, when they became twenty-one years of age, but that Kassiah Beasley was to administer his estate and keep the taxes paid thereon until the children became of legal age.
On September 23, 1927, at a regular term of the Pulaski county court, Kassiah Beasley waived, surrendered, and relinquished any authority or power she might have under and by virtue of the will, and thereupon the Farmers National Bank of Somerset was granted administration with the will annexed.
In May, 1933, O.D. Stringer, a brother of decedent, was appointed guardian for the three children named in the will, they then being infants under the age of fourteen years. Kenneth Stringer has lived with Mrs. Nellie Shadwick, a niece of decedent, for a number of years, and the other two children with a Mr. and Mrs. Crawford.
On January 18, 1935, Mrs. Nellie Shadwick, by counsel, entered a written motion in the Pulaski county court seeking the removal of O.D. Stringer as guardian on grounds, in substance that he was incompetent and was wasting the estate of the infants, was unsuited and unfitted for the trust and not interested in the welfare of his wards, failing and refusing to provide them with the common necessities, failing to make settlement as required by law, and refusing to provide *Page 357 
sufficient and additional surety on his guardian's bond after being notified so to do.
After notice had been served upon the guardian, a hearing was had resulting in a judgment and order removing O.D. Stringer as guardian for the infants, but providing that before he or his surety should be released from liability he should make a full and complete settlement of his accounts as guardian and account for all property and moneys received or distributed by him in the execution of his trust as guardian.
At the time of the hearing, it appears that Dorothy Stringer was fifteen year of age, but the other children were under fourteen. It was recited in the judgment that Dorothy Stringer, in the presence of the court, expressed the desire to nominate as her guardian Mrs. Nellie Shadwick, and that she did thereupon nominate her to be her guardian, and that such nomination appearing to be for her best interest, it was adjudged that Mrs. Shadwick be appointed guardian for her. It was further adjudged that Mrs. Shadwick also be appointed guardian for Willard and Kenneth Stringer, it appearing to the court that she was a suitable and qualified person for such trust.
O.D. Stringer prosecuted an appeal to the Pulaski circuit court. After his appointment as guardian, O.D. Stringer, suing for the benefit of his wards, instituted an action against the Farmers National Bank of Somerset, and after setting out essential facts, prayed in substance that the paper purporting to be the will of William M. Stringer be adjudged and declared an instrument of trust and for the appointment of a trustee to safeguard and protect the interests of the children mentioned therein, and that, after the execution of proper bond, the trustee be allowed to exercise such control of the property of decedent as was intended by the purported will; that the defendant be required to make an accounting of its assumed administration and to pay into court all funds or property or the value thereof which it had dissipated or wasted or converted to its own use. The defendant entered denial of the material allegations of the petition and set up certain affirmative defenses which it is unnecessary to enumerate.
The Farmers National Bank also instituted an action *Page 358 
against O.D. Stringer setting up its appointment as administrator with the will annexed, and that it had qualified as administrator and trustee, but that defendant had taken charge of and was renting the farms and real estate of decedent and held himself out as a proper person to collect rents, etc., and asked that he be enjoined from so doing. The defendant filed answer denying the allegations of the petition and setting up certain affirmative defenses. It appears that an agreement was reached by the parties to these actions whereby the Farmers National Bank of Somerset made a final report and settlement and tendered its resignation as administrator with will annexed. It was thereupon ordered that O.D. Stringer, the guardian of the infants, be appointed trustee of the trust estate belonging to them and left in trust for them until they reached the age of twenty-one years, and that he take charge of and handle same as soon as he executed bond in the sum of $1,000 and took the oath prescribed by law; and that all money, notes, and accounts in the hands of the bank as administrator be turned over to plaintiff as guardian and trustee of the wards.
After the appeal had been prosecuted to the circuit court from the order of the county court removing O.D. Stringer as guardian, a written motion was field in the circuit court by Mrs. Shadwick on behalf of the infants mentioned in the will for the removal of O.D. Stringer as trustee. These motions were heard together in the circuit court and resulted in judgments and orders removing O.D. Stringer as guardian and trustee, and he is prosecuting this appeal.
As is usual in controversies of this character, considerable feeling has been engendered which is reflected by the evidence of the respective parties. Counsel for appellee urge that O.D. Stringer's failure to make inventory and settlement as required by law is such dereliction of duty as would authorize his removal. Counsel for appellant, however, contend that because of the litigation between the administrator and the Farmers National Bank, the estate did not come into his hands until something like six weeks before these proceedings were instituted, and therefore he had nothing to report and nothing to make settlement for. It does appear, however, that after his appointment as *Page 359 
guardian he collected rents from the farms and from residence property of decedent in Somerset. There is evidence that the children, and especially the older ones, have not been supplied with necessary and suitable clothing, and that many of the needs of the younger child have been supplied by Mrs. Shadwick. In this respect a rather impressive showing is made by appellee; however, appellant would excuse it on the ground that he has only had charge of the estate for a short time and upon advice of counsel was awaiting such time as he could secure advice of the court with respect to the expenditures on behalf of his wards. No such steps had been taken after the settlement of the litigation between appellant and the Farmers National Bank, nor does it appear that prior thereto the court had been requested to make any order in the cases to supply the necessary needs of the children.
Without going into a detailed statement of the evidence or a recital of the charges and countercharges, we deem it sufficient to say there is nothing in the record to reflect on the honesty or integrity of appellant or which would furnish a reasonable basis for a conclusion that he has or would squander or misappropriate the trust fund. The proof does indicate a marked indifference on his part toward the children and a lack of proper and sympathetic understanding of their needs and requirements as evidenced by his refusal to supply the two older children with necessary apparel on the theory that they should by their labor earn sufficient to meet their needs. It is true the trust estate is not large enough to maintain the wards in opulence, but certain standards in keeping with one's station in life must be met in order to cultivate a self-respect, and without which character and culture will be dwarfed. The children of course should be encouraged in habits of thrift and industry and be allowed to enjoy the fruits of their own efforts without exploitation at the hands of others. Excessive indulgence on the one hand or parsimony on the other will retard moral, mental, and physical development. There is, however, a happy medium, and while courts look with favor on the conservation of trust funds and discourage unwarranted expenditures, they always hold the reasonable, necessary comfort and welfare of the *Page 360 
ward to be of paramount consideration. Section 2024, Kentucky Statutes, provides that the court shall remove a guardian who becomes unable to discharge the duties of his trust or is evidently unsuited therefor. When a guardian has been duly appointed and has qualified by taking the oath and executing the bond as required by law, he may not at the mere caprice or whim of the court or some complaining party be removed, but can only be removed for some cause or causes enumerated by statute or recognized by law. Estridge v. Estridge, 76 S.W. 1101, 25 Ky. Law Rep. 1076; Clay's Guardian v. Clay, 89 S.W. 500, 28 Ky. Law Rep. 398; Dunlap v. Kennedy, 10 Bush, 539. Both the judge of the county court and the circuit court who heard the evidence and no doubt knew the parties and witnesses have found that appellant was derelict in his duty as guardian, or was unsuited for the trust. Notwithstanding a conflict in evidence, it is apparent that there is ample evidence to sustain their conclusion. The circuit court also found from the evidence that appellant should be removed as trustee, and evidence sufficient to authorize removal from one trust would likewise authorize removal from the other. Lack of interest in the ward or his welfare has been held sufficient to authorize removal of a guardian. Davis' Adm'r v. Davis, 162 Ky. 316, 172 S.W. 665.
Wholly apart from any ground for removal, an infant over fourteen years of age may, in the presence of the court or by a writing signed in the presence of the judge after privy examination, nominate his own guardian. Ky. Stats. sec. 2022. A. guardian appointed before the infant arrives at the age of fourteen will be superseded by a guardian appointed by the nomination of the infant after he attains that age. Central Trust Company of Owensboro v. McCarroll, 141 Ky. 278,132 S.W. 541, Ann. Cas. 1912C, 475; however, the nomination by the infant over fourteen years of age is not binding upon the court, unless the person nominated meets the approval of the court. Since Dorothy Stringer, after attaining the age of fourteen, nominated a guardian whom the court found to be a proper and suitable person for the trust, no question could be made of the court's action so far as the guardian for her is concerned. After all, the law imposes *Page 361 
upon the court the duty of safeguarding the welfare and interest of the infant, and while the guardian or trustee is invested with right to the custody and management of the ward's estate, the court may award the custody of the child to others, when its interest so required. The court also has supervisory control of the management and expenditures of the trust funds and may and should put a check upon any unwarranted expenditures of the estate. The orders of the county and circuit courts are not final, but the person who supersedes appellant as guardian or trustee may be removed upon proper application and showing by the infants or any person for them.
Since there is evidence to sustain the lower court's finding, the judgments removing appellee as guardian and as trustee are both affirmed.