**In re ESTATES of Mary Christine CARRI-GAN and David Homer Carrigan, minors.**

**No. 793.**

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1974.

Saunders, Caldwell & Schmidt, J. Byron Saunders, Tyler, for appellant.

Charles H. Clark, Alvin N. Flynn, Tyler, for appellee.

DUNAGAN, Chief Justice.

This appeal arose because of an order entered by the County Judge of Smith County, Texas, wherein the court appointed Jerry Davenport as guardian of the Estate of Mary Christine Carrigan and David Homer Carrigan, minors. Mr. Davenport is the children's natural grandfather and their adoptive father since the death of the children's natural father. Prior to the children's attaining the age of 14 years, Mrs. Vivia S. Turquette was appointed by the County Court and did qualify as guardian of their Estates. However, under the provisions of Sec. 118(b) [1] of the Texas Probate Code, V.A.T.S., the minors, upon attaining the age of 14, selected in open court Jerry Davenport as the guardian of their estates. The court, after a hearing, found Mr. Davenport to be suitable and competent to be appointed guardian of the estates of Mary and David Davenport and thereby appointed Mr. Davenport to replace Mrs. Turquette as guardian. Notice of appeal was given by Mrs. Turquette in open court. Findings of fact and conclusions of law were requested and thereafter filed by the court.

Section 118(b) of the Texas Probate Code states:

"(b) When Another Guardian Has Been Appointed:

"A minor upon attaining the age of fourteen years may select another guardian either of his person or estate, or both, if such minor has a guardian appointed by the court, or if, having a guardian appointed by will or written declaration of the parent of such minor, such last named guardian dies, resigns, or is removed from guardianship; and the court shall, if satisfied that the person selected is suitable and competent, make such appointment and revoke the letters of guardianship to the former guardian. Such selection shall be made in open court, in person or by attorney, by making application therefor."

It is appellant's contention that to be removed, the legal representative of an estate must have done one of the acts condemned by Section 222 of the Probate Code, V.A.T.S. Otherwise, alleges the appellant, the court has no authority to revoke the Letters of Guardianship. In his findings of fact and conclusions of law the court did not enumerate any of the grounds listed under Sec. 222 as existing to cause the removal of Mrs. Turquette. Therefore the question before this court is whether, under the provisions of Sec. 118(b) of the Probate Code, a minor, upon attaining the age of 14 years, can choose a guardian and thereby remove without cause a previously court-appointed guardian. There is no disagreement that where there is a guardian appointed by will or written declaration of a parent that the only way a minor 14 years of age or older can select a guardian is if the appointed guardian dies, resigns or is removed from guardianship. See Jordan v. Jordan, 4 Tex.Civ.App. 559, 23 S.W. 531 (1893, err. ref.). Insofar as this court has been able to determine, this is a case of first impression in this state.

The fundamental rule which controls construction of a statute is to ascertain the intent of the legislature. City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273 (1951). In determining this intent, a court may consider the construction that has been placed on

1. All references herein are to the Texas Probate Code, V.A.T.S., unless otherwise indicated.

similar laws. Johnson v. Woodmen of the World Life Ins. Soc., 203 S.W.2d 331 (Tex.Civ.App., Austin, 1947, no writ); Texas Co. v. Schriewer, 38 S.W.2d 141 (Tex.Civ.App., Waco, 1931) modified on other grounds Smith v. Texas Co., 53 S.W.2d 774 (1932). The construction placed by a court of another jurisdiction on a similar statute may also be given consideration. Hunter v. Whiteaker & Washington, 230 S.W. 1096 (Tex.Civ.App., San Antonio, 1921, writ ref'd.); 53 Tex.Jur.2d Statutes, sec. 129 (1964).

■ Under the predecessor to Section 118(b), Article 4126, V.A.C.S., it was held that a minor of 14 years or older had the absolute right to select his own guardian provided the person selected was suitable and competent. Burns v. Parker, 155 S.W. 673 (Tex.Civ.App., Dallas, 1913, ref'd.). Courts of several jurisdictions held likewise regarding statutes similar to Article 4126, V.A.C.S. Arkansas Children's Home Soc. v. Walker, 146 Ark. 356, 225 S.W. 616 (1920); Dickerson v. Bowen, 128 Ga. 122, 57 S.E. 326 (1907); Central Trust Co. of Owensboro v. McCarroll, 141 Ky. 278, 132 S.W. 541 (1910); Given v. Pollock, 96 Okl. 25, 219 P. 898 (1923). Further, Section 118(b) is worded identically to Article 4126. Where a statute is re-enacted without material change, it is generally presumed that the Legislature knew and adopted or approved the interpretation placed upon the original act and intended that the new enactment should receive the same construction as the old one. Martinez v. State, 114 S.W.2d 874, 134 Tex.Cr. R. 180 (1938).

It has also been held in other jurisdictions that the right of a 14-year old minor to choose his guardian prevailed when a guardian previously appointed was still in office. Central Trust Co. of Owensboro v. McCarroll, supra; Stringers' Guardian v. Stringer, 263 Ky. 355, 92 S.W.2d 339 (1936); Given v. Pollock, supra; Arkansas Children's Home Soc. v. Walker, supra; Bryce v. Wynn, 50 Ga. 332 (1873).

We feel a similar interpretation applies to Section 118(b).

■ At common law the rule was that when an infant arrived at the age of 14 years, he had reached what was called the age of discretion and from that time or until he reached his majority he could select his own guardian to supercede his appointed guardian. Central Trust Co. of Owensboro v. McCarroll, supra; Blackstone, in his Commentaries (Vol. 1, p. 463). The object of the common law rule was to give the minor a chance to have a guardian who would be agreeable to him, who would be at least personally pleasant and sympathetic with him. Insofar as it may be necessary to ascertain or effectuate the Legislative intent, a statute will be construed in the light of the entire body of law existing at the time of its enactment, including the common law. Silurian Oil Co. v. White, 252 S.W. 569 (Tex.Civ.App., Amarillo, 1923, writ ref'd.); Powell v. City of Amarillo, 57 S.W.2d 233 (Tex.Civ.App., Amarillo, 1933) modified 93 S.W.2d 144 (1936). We do not find in Sec. 118(b) any indication that the Legislature intended to change the common law in this area. We can find no good reason for allowing one minor to select his own guardian because the occasion for appointment arose after he was 14 and denying to another the same right because a court had selected a guardian for him before he reached 14 years of age. Therefore a guardian appointed before the infant arrives at the age of 14 will be superceded by a guardian appointed on the selection of the infant after he attains that age. Once the guardian is nominated by the 14-year old the only function of the court is to determine whether the person selected is suitable and competent. If so, the court is required to make the appointment and revoke the letters of guardianship to the former court-appointed guardian.

Judgment of the trial court is affirmed.

Affirmed.