JUDGE HARDIN
delivered the opinion of the court :
C. R. Mobley, J. B. Morris, and J. J. Bane, who were partners in the business of merchandising, under the style of C. R. Mobley & Co., by their promissory note, dated the 6th day of October, 1852, agreed to pay to G. Kimberlin & Co. one thousand dollars twelve months thereafter; and Kimberlin & Co. assigned the note to the appellants, Wm. Garvin & Co.
It appears from the record that the firm of C. R. Mobley & Co. were also indebted to various other persons; and, on the 9th day of March, 1853, said C. R. Mobley, by agreement with Morris and Bane, withdrew from the copartnership, giving up to them his interest in the goods, effects, and debts owing to the firm, except fifty dollars, in consideration of which said Morris and Bane, with David C. Yin and Ed. Crossland, their sureties, by a covenant of indemnity to C. R. Mobley, undertook to pay off all debts and liabilities of the firm of C. R. Mobley & Co., contracted and unpaid, up to that date.
It further appears, that on the 2d day of April, 1853, the firm of Morris & Bane sold out to said C. R. Mobley and John McFarland the goods and effects and debts due the firm of Morris & Bane, said C. R. Mobley and McFarland undertaking “to pay off all debts, liabilities, and contracts due by the said firm of Morris & Bane, and yet *50 unpaidand, to secure the performance of this undertaking, said C. R. Mobley and McFarland and the appellee, H. P. Mobley, appear to have executed and delivered to Morris & Bane the following bond:
“ Know all men by these presents, that wej John McFarland and C. R. Mobley, principals, and H. P. Mobley, their security, are held and firmly bound unto J. B. Morris and J. J. Bane, in the penal sum of three thousand dollars, the payment whereof, well and truly to be made, we bind ourselves, our heirs, executors, administrators, &c., &c.
“Now, the condition of the above obligation is such, that whereas, the above named John McFarland and C. R. Mobley have this day and date purchased the interest of the firm of Morris & Bane, including all debts, goods, wares, and merchandise belonging to said firm; and, in so doing, they, the said John McFarland and C. R. Mobley, agree to pay off all debts, liabilities, and contracts due by the said firm of Morris & Bane, and yet unpaid.
“Now, if they, the said John McFarland and C. R. Mobley, shall well and truly pay off all debts, liabilities, and contracts due by the said firm of Morris & Bane, then this obligation is to be null and void, otherwise of full force and virtue. This 2d day of April, 1853.
“John McFarland, [l. s.]
“ C. R. Mobley, [l. s.]
“ H. P. Mobley, [l. s.]
“----, [l. s.]”
The appellants sought to recover their debt against said McFarland and H. P. Mobley upon their undertaking in said bond, as well as against the obligors in the note; and, in an amended petition, alleged that said C. R. Mobley and Morris, Bane and McFarland, were all insolvent.
*51 H. P. Mobley filed an answer, but does not appear to controvert the allegation of insolvency as to C. R. Mobley, Morris, Bane, and McFarland; but he resists a recovery' against him on the following grounds:
I. He insists that the debt of appellants was not properly a 'debt of the firm of Morris & Bane, within the meaning of the bond to them; but if it was, inasmuch as his undertaking was to them, and not directly to the holders of the note, his liability could only be enforced against him by them in the event of their having been first compelled to pay the debt.
That at the time he signed the bond in question it was understood and agreed by the obligors and obligees therein that Ed. Crossland and the father of said McFarland should sign the bond as co-securities of said H. P. Mobley, which, as he is informed and believes, was known by Morris & Bane as the condition on which he signed the bond, and that C. R. Mobley, who presented the bond to him to sign, knew this fact; that he was induced, by the promise of C. R. Mobley to procure the other names to the bond, to sign it himself, and would not otherwise have done so, which was known by Morris & Bane, and that the bond, as they knew, was not to be used or given up till said other persons should sign it.
As to the first ground of defense presented by the answer, we are of the opinion, that if the bond is the valid obligation of H. P. Mobley for any purpose, it embraces the debt in contest as one of the liabilities of the firm of Morris & Bane, and that, under the facts appearing in the cause, the appellants could maintain their action for the satisfation of their debt directly against the obligors in the bond, the other necessary parties being before the court.
The second ground on which a recovery was resisted by said H. P. Mobley presents a question of more diffi *52 eulty, It is insisted for the appellant that the answer of Mobley does not present a sufficient defense to the action, and we are referred to the case of Hubble vs. Murphy (1 Duvall, 278) as authority sustaining this view; but, as we understand the answer of Mobley, it does not present a state of fact entirely analogous with that on which the opinion in said case is predicated. In this case, according to the answer as we construe it, Mobley did not deliver the bond to the obligees, nor authorize its delivery unless the additional names should be first affixed to it; but in the case referred to the note was delivered by the surety to the payee upon the parol agreement of the latter to obtain the signature of another person thereto; and the court held the alleged agreement to be void because it was in parol, and contradictory of the writing. In Smith vs. Moberly, &c. (10 B. Monroe, 266), however, and also in James, &c., vs. Shelbyville Fire, Life, and Marine Insurance Company (1 Metcalfe, 88), it was substantially held that where a writing is signed by a surety with an agreement that it shall not be delivered as an obligation without the names of additional obligors thereto, the question of the sureties’ responsibility was made to depend on whether the payee accepted the writing with or without a knowledge of such agreement; and testing this case by those adjudications, it seems to us that the answer, if true, is sufficient to bar a recovery against H. P. Mobley.
But while the evidence tends strongly to show the existence of the alleged agreement at the time H. P. Mobley signed the bond, and that this fact was known to Morris & Bane when they accepted the bond, yet the testimony of his own witnesses tends to the conclusion that he assented to the delivery of the bond to Morris & Bane, with the parol agreement, however, that they would get *53 the additional names affixed to the bond, or would otherwise not hold H. P. Mobley responsible upon it.
But whatever may be facts of what transpired at the delivery of the bond, enough appears in the record to satisfy us that H. P. Mobley thereafter fully recognized his liability upon the bond. Admitting his responsibility upon it, he swore to and filed his petition against the principal obligors for indemnity, and in like manner he affirmed his responsibility upon the bond in several answers filed in suits consolidated with this, and copied in the record.
While we do not regard these acts as constituting an estoppel, as insisted for the appellant, as they could not have induced the acceptance of the bond, we do regard them as strongly fortifying the conclusion that H. P. Mobley assented to the delivery of the bond, and its acceptance by Morris & Bane; and, as already shown, if he did so assent to its acceptance, the alleged parol agreement will not shield him from responsibility.
Upon the whole, we are of opinion that the circuit court erred in adjudging that H. P. Mobley was exempt from responsibility on said bond.
Wherefore, the portion of the judgment indicated is reversed, and the cause remanded for further proceedings consistent with this opinion.