5bu 621
e109 537

CASE 65—PETITION ORDINARY.—SEPTEMBER 29.

# Whitaker vs. Crutcher.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. SURETY, EXECUTING BOND UPON CONDITION THAT IT WAS TO BE SIGNED BY OTHER PARTIES.—No agreement made by the principal and surety in a supersedeas bond, that the surety was not to be bound on the bond until signed by certain other parties, can affect the obligee's right to recover, unless the obligee or clerk who took the bond was informed of the conditional signing at the time of its execution.

2. The surety would not be liable, if the clerk was apprised when he took the bond that it was not intended to bind the surety until it should also be executed by other parties, and that it should not be filed as a bond until it should be so executed—the other parties having failed to execute the bond.

3. If a surety executes a note or bond in pursuance of a parol agreement with his principal, that it is only to become binding upon him on conditions; if the instrument is, nevertheless, delivered to the obligee or officer authorized to accept it, without information to him of such agreement, it will bind the surety, notwithstanding the agreement. (*Smith vs. Moberly*, 10 *B. Mon.*, 266; *Garvin & Co. vs. Moberly*, 1 *Bush*, 48.)

4. The conditional delivery of a bond to a clerk of a court who is authorized to take it, is not necessarily a delivery to the obligee, and, consequently, such a bond may be delivered as an escrow merely. (*Creswell's ex'r vs. Rennick & Wood*, 7 *J. J. M.*, 281; *Millett vs. Parker, &c.*, 2 *Metcalfe*, 614.)

5. Statements made by a witness on his *voir dire*, before the court, are not evidence before, or for the consideration of, the jury.

6. On a special plea of *non est factum*, that the defendant had signed the bond sued on, upon conditions which had not been performed, when it was not shown that the conditional signing was communicated to the clerk who took the bond, the court properly rejected and excluded evidence conducing to prove the agreement between the principal and surety, which induced the latter to sign the bond.

HARLAN & NEWMAN,                                    For Appellant,

CITED—

*Civil Code, sec.* 887.

*Revised Statutes,* 1 *Stanton,* 246, 247.

2 *Met.,* 613 ; *Millett vs. Parker.*

1 *Met.,* 59 ; *Jones, &c., vs. Shelbyville, &c.*

T. B. & J. B. COCHRAN,                              For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was an ordinary action against the appellant, on a paper purporting to be a bond executed by him before the clerk of the Jefferson court of common pleas, to supersede a judgment recovered in said court by the appellee, against James H. White, for two thousand four hundred and twenty-six dollars and ninety-two cents, from which an appeal was prosecuted by White to this court, which resulted in an affirmance of the judgment.

The defendant, in his answer, admitted that he signed the bond, but denied that it was his act and deed, because, as he alleged, in substance, he did not acknowledge or deliver it unconditionally as his bond, but executed it as an escrow only, and placed it in the hands of R. W. Hays, with directions to him to deliver it as his act and deed, when said White should become the surety of the appellant in a supersedeas bond to Sanders ; and said White and his mother and brother should also execute the bond in the hands of Hays, and not before ; and that neither of these conditions was complied with.

A trial of the case resulted in a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

It was made to appear to the court by a *voir dire* examination of J. Speed Peay, the acting deputy clerk,

before whom the appellant executed the bond, and by whom it was attested in the name of the clerk, that said Peay had not been sworn as a deputy clerk, as required by law; and for this it is insisted for the appellant the court erred in refusing to give to the jury a peremptory instruction, which was asked, to find for the defendant.

But whatever might have been the effect as to the validity of the bond, if the fact had been properly proved that Peay was not legally qualified to act as a deputy clerk, as it was not proved by him or any other witness before the jury, or otherwise shown than upon said preliminary examination before the court, there was no sufficient evidence to authorize the peremptory instruction, and on this ground, at least, it was properly refused.

It is further argued for the appellant, that the court erred in rejecting testimony conducing to prove an agreement between White and the appellant that the latter would sign the bond and become the surety of White, only upon the conditions stated in the answer; and that the court also improperly instructed the jury "that no agreement made by White and Whitaker, that the latter was not to be bound on the bond until signed by other parties, can affect plaintiff's right to recover, unless the plaintiff, or clerk who took the bond, was informed of the fact at the time of its execution.

These rulings are not inconsistent with a further instruction, which the court gave at the instance of the defendant, which is, in substance, that if the deputy clerk was apprised, when he took the bond, that it was not intended to bind the appellant until it should also be executed by White's mother and brother, and

that it should not be filed as a supersedeas bond until it should be so executed, the jury should find for the defendant.

And whether the bond was at first placed in the hands of Hays as an escrow, which the evidence does not conduce to prove, or was, when signed, left with the clerk or his deputy, the action of the court rests on the assumption, that, to render the bond obligatory, it should have been accepted by the officer without knowledge that its execution and delivery were not to be binding, except on the conditions mentioned.

And the court properly observed the principle, which was held by this court in the case of *Creswell's ex'r vs. Rennick and Wood* (7 *J. J. Marshall*, 281), and recognized in *Millett vs. Parker, &c.* (2 *Metcalfe*, 614), that a conditional delivery of a bond to a clerk who was authorized to take such a bond, was not necessarily a delivery to the obligee, and that, consequently, the instrument might be so delivered as an escrow merely.

But the action of the court in rejecting part of the testimony of Hays, conducing to prove the agreement between the appellant and White, and in instructing the jury at the instance of the plaintiff, is particularly complained of as prejudicial to the appellant.

The principle is well-settled, that although a surety execute a note or bond, in pursuance of a parol agreement with his principal, that it is only to become binding upon him on conditions, if the instrument is, nevertheless, delivered to the obligee, or officer authorized to accept it, without information to him of such agreement, it will bind the surety, notwithstanding the agreement. (*Smith vs. Moberly*, 10 *B. Mon.*, 266; *Garvin & Co. vs. Moberly, &c.*, 1 *Bush*, 48.)

As to the rejection of part of the testimony of Hays, it may suffice to say, that it was not shown that the arrangement proved by him was communicated to the clerk, and the court therefore properly excluded the testimony as incompetent; and, for the reasons we have sufficiently indicated, the instruction complained of was properly given.

Wherefore, the judgment is affirmed.