## A. WILLIAMSON *v.* W. T. TURNER.

**Parties—Defect of—Special Demurrer.**

> Under Civil Code, section 121, where a defect of parties is not assigned as a cause of demurrer, such defect can not be reached by a general demurrer.

APPEAL FROM HARRISON CIRCUIT COURT.

November 1, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

Although the appellee could have maintained his action for enforcing the agreement of the appellant to pay the debt, yet as Lowry, the original payor of the note, and Lacy were not made parties in the petition, there was a defect of parties, at least till the cross pleadings were filed (Garvin & Co. vs. Molloy, &c. 1 Bush, 48). But this defect of parties was not assigned as a cause of demurrer, and the general demurrer did not reach it (Civil Code, Sec. 121.)

Nor do we think the court erred in rendering judgment in favor of the plaintiff for the debt. No diligence was used in endeavoring to collect the small debts claimed to have been either unjust or unavailable. That seems to have been a small error in the inventory against the appellant, and perhaps a larger one in the calculation in his favor; moreover a heavy discount was allowed him by most of the creditors of Lacy; so that when he shall have paid the judgment of the appellee, and the residue of

Lacy's debts, not released, he will not have paid as much as he agreed to pay for the goods and effects of Lacy.

Wherefore the judgment is affirmed.

*Boyd,* for appellant.
*Cleary & West,* for appellee.