### J. B. OWSLEY v. REUBEN WILLIAMS.

**Contracts—Parties to Action—Pleadings.**

Where a partnership is indebted on a note, and dissolves, and one of the partners and another executed a written contract with the withdrawing partner that they would pay the debts of the partnership to the amount of $4,107.41, a creditor of such partnership cannot sue on the contract without making the retiring partner a party.

Where a dissolving partnership is indebted to A on a note and at such dissolution B, one of the partners, and C enter into a contract with the retiring partner to pay the debts of the firm up to $4,107.41, before A can recover on such contract he must in a court of equity make all of such persons defendants and may, by showing the insolvency of the retiring partner, be subrogated to his rights and recover the amount due him, but in such a proceeding he must aver and show that B and C are still bound to the retiring partner under their contract.

APPEAL FROM LINCOLN CIRCUIT COURT.

December 10, 1874.

OPINION BY JUDGE LINDSAY:

The petition disclosed these facts: Owsley & Rochester, partners and merchants, were indebted to Williams $500, evidenced by their promissory note due February 27, and bearing 10 per cent. interest.

The partnership was dissolved, and Owsley, with the appellant, J. B. Owsley, executed to Rochester this covenant:

"We agree to pay the indebtedness of Owsley & Rochester to the amount of $4,107.41; less $180.32 on debt below to Fletchemier." A list of debts, including that of Williams, is incorporated in the covenant. Williams sues on covenant. He does not make the payors of the note or either of them parties. He avers that they are both insolvent, and alleges that the Owsleys have not kept and performed their said covenant, because they have failed and neglected to pay to him the amount of his debt; but he does not state that they have

not in some other way paid and satisfied the full amount of $4,107.41 they undertook to pay for the firm of Owsley & Rochester.

The petition ignores the fact that the covenant of the Owsleys was to and with Rochester. Williams is not a party to it. There is no privity between him and the Owsleys. They were indebted to Rochester. They agreed to satisfy their indebtedness to him, by paying certain debts for which he was bound, including the debt of Williams. The contract was not made for the benefit of Williams. He still holds the note of Rochester, and still looks to him for payment. If Rochester and the Owsleys had canceled their agreement, Williams would not have been affected thereby. He would still have held his debt against Rochester and Owsley.

If the Owsleys are still bound to Rochester in an amount sufficient to pay Williams, then in view of the insolvency of Rochester, he may, in an action in equity, to which the payors of the note are made parties, be subrogated to Rochester's rights, and have the amount still due to him from the Owsleys applied to the payment of his debt; but in such a proceeding, the averment that the Owsleys are still bound to Rochester in some amount is indispensable. There is no such averment in the petition under consideration.

There is nothing in the case of *Carvin & Co. v. Moberly, et al.,* 1 Bush 48, inconsistent with this view of the law. In that case no such question was raised, and hence it was not necessary that the first branch of the case should be fully stated by the court. The contest was with regard to the execution of the collateral covenant, and the court directed its attention to the questions arising thereon.

The demurrer to the petition should have been sustained. Judgment *reversed,* and cause remanded for further proceedings. Appellee should be allowed to amend his petition if he offers to do so.

*M. C. Saufley, for appellant.*
*Hill & Alcorn, for appellee.*