CASE 79—ACTION TO CANCEL A REPLEVIN BOND—DEC 19.

# Smith v. Spragins, &c.

### APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.  REVERSED.

PRINCIPAL AND SURETY—CONDITIONAL SIGNING OF BOND BY SURETY.

Held:   Where a surety signed a replevin bond, and delivered it to
a deputy sheriff, on condition that the deputy was not to return
it to the clerk's office until it had been signed by a certain other
person, and the additional signature was never obtained, the
surety was not bound, and is entitled to have the bond canceled
in an action brought by him for that purpose, unless defendants
can show that by his delay of over eight months in bringing his
suit he has been guilty of such laches as will estop him from
claiming the relief sought.

SAMUEL J. SALYER, ATTORNEY FOR APPELLANT.

The grounds alleged by the appellant for which he asks for relief,
are as follows:
    The deuty sheriff who took the replevin bond in controversy,
had the bond prepared, and G. W. Pinson's name was written
in the face of the bond, and before appellant signed it, it was
represented to him in the presence of said deputy that said
Pinson had agreed to sign it and would sign it, and that if ap-
pellant signed it he would do so, and with the understanding
that Pinson would sign it, and that the deputy was not to deliver
or accept it until it had been duly signed by Pinson, appellant
was induced to sign it, and in violation of all these agreements
and representations the said deputy has another deputy to attest
and return the bond.   Appellant submits that this is such a
fraud as to release appellant from said bond.   Whittaker v.
Crutcher, 5 Bush., 622; Stevens v. Wallace, 5 Monroe, 404.

JAMES GOBLE, ATTORNEY FOR APPELLEES.

1. No cause of action is stated, that the court can take cognizance
of.   It does not appear that any liability rests on appellant, or
that he will ever become liable, or be called on to pay anything,
or if he does, that he can not be indemnified by the defendants
in the execution.   The court will not hear complaints where it

does not appear there has been some loss or injury, or danger of loss in the future, and the demurrer to the petition was properly sustained. Cook v. Boyd, 16 B. Mon., 559; Smith v. Moberly, 10 B. M., 267; Whittaker v. Crutcher, 5 Bush., also 1 Bush., 48.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

Appellant, Smith, filed his petition in equity against the appellees, seeking the cancellation of a replevin bond signed by him as surety for the members of the firm of T. B. Pinson & Sons. The averments upon which the relief is sought are that deputy sheriff Runyons, holding an execution against T. B. Pinson & Sons, went, in company with T. B. Pinson, to Smith, and asked him to sign a replevin bond to replevy the execution, and that it was then and there agreed and understood that the bond should be signed by one Ford and two Pinsons, not defendants in the execution, whose names appeared in the body of the bond, before it was by Smith; and it was further represented that, if Smith signed, it was with the agreement and understanding that G. W. Pinson, who was then known to Smith to be solvent, had agreed to sign the replevin bond, and was to and would sign it, and under this agreement Smith signed; that, in violation of the agreement, the sheriff, or one of his deputies, returned the bond to the circuit clerk's office, without G. W. Pinson having signed it; that the bond is attested by one Cecil, deputy sheriff, when in fact Cecil was not present at the signing by Smith; and that such return was false and untrue, and made through fraud or mistake on the part of Cecil.

It was further averred that Runyons knew at the time the bond was executed that Smith was induced to sign it under the agreement that G. W. Pinson was to and would sign it, and had agreed so to do. By amendment it was further averred that the bond was signed by Smith in the presence

of, and delivered to, Deputy Sheriff Runyons as an escrow, upon condition that the deputy was not to return or deliver the bond until it had been signed by Pinson, but was returned and delivered by him in violation of this agreement.    A demurrer was sustained to the petition as amended.

Appellees rely upon the doctrine that if a surety signs a note under an agreement with the debtor that he is not to become bound until another signs it, and the principal, in violation of the agreement, delivers it to a creditor without knowledge of the agreement, the surety is bound.    Smith v. Moberly, 10 B. Mon., 267.    But in Whitaker v. Crutcher, 5 Bush, 622, which was an action upon a supersedeas bond, the defense was made that it was not acknowledged or delivered unconditionally, but executed as an escrow only, and placed in the hands of the officer with directions to deliver it as the defendant's act and deed when the principal in the bond sued on should become the surety of the defendant in another bond.

Said the court, reviewing the action of the trial court: "And the court properly observed the principle, which was held by this court in the case of Carswell's Ex'r v. Renick, 7 J. J. Marsh, 281, and recognized in Millett v. Parker, 2 Metc., 614, that a conditional delivery of a bond to a clerk, who was authorized to take such a bond, was not necessarily a delivery to the obligee, and that consequently the instrument might be so delivered as an escrow merely." This seems to us directly in point, and conclusive of the question that upon the petition Smith was entitled to be allowed to prove that the bond was delivered conditionally to the sheriff.    It is true this same case is quoted to support the contention of appellees:    "The principle is well settled that, although a surety execute a note or bond in

Smith v. Spragins, &c.

pursuance of a parol agreement with his principal that it is only to become binding upon him on conditions, if the instrument is, nevertheless, delivered to the obligee, or officer authorized to accept it, without information to him of such agreement, it will bind the surety, notwithstanding the agreement. Smith v. Moberly, 10 B. Mon., 266; Garvin v. Mobley, 1 Bush, 48."

But we are of opinion that the deputy sheriff who held the execution was the officer authorized to accept the bond, and that under the averments of the petition as amended he did not accept it without information to him of the alleged agreement. It may be that on the return of the case it can be shown—assuming the averments of the petition to be true—that the plaintiff (appellant) has been guilty of such laches in the delay in bringing his suit for over eight months as will estop him from claiming the relief sought, but we think that, on the averment of the petition, he is entitled to an opportunity to introduce his testimony.

For the reasons given, the judgment is reversed, and cause remanded, with directions to overrule the demurrer to the petition as amended, and for further proceedings consistent herewith.