# Columbia Avenue Trust Company *v.* King, Appellant.

*Principal and surety—Signature of co-surety—Conditional signing—Notice to obligee.*

1. When one becomes surety on a bond on condition that another shall also become a co-surety, and the instrument is delivered to the obligee with this understanding after notice, and subsequently the proposed co-surety refuses or neglects to sign, the surety who did sign on condition is not liable; but the obligee must have notice of the conditional signing before delivery.

2. Where there is nothing in the bond to indicate a conditional signing, and only one witness is offered to prove notice to the obligee, the case will be withdrawn from the jury where the testimony of such witness is vague, indefinite, inconsistent and in some instances contradictory.

Argued Jan. 18, 1910. Appeal, No. 223, Jan. T., 1909, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1905, No. 4,194, on verdict for plaintiff in case of Columbia Avenue Trust Company v. Clarence P. King. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a bond of suretyship for rent. Before BARRATT, J.

At the trial it appeared that defendant signed a bond as surety for the rent of a hotel at Como, New Jersey. Defendant testified that he signed the bond on the understanding that it was also to be signed by another bondsman, whose name had been given to him, before the bond should be delivered to the plaintiff. There was nothing on the face of the bond to indicate that the signature was conditional. The bond was delivered to the plaintiff without the other signature having been secured.

Frank H. Williams, a witness for defendant, testified as to the delivery of the bond as follows:

"Q. Doctor, you say at the time you presented the bond for signature to Mr. King, this conversation occurred. Was it at the time of the signature? A. It was at the time of the signa-

ture. He said, 'There are three names in this bond, and I sign this bond with the understanding that all three names are to be put upon it.' Q. Did you make any reply? A. I said, 'Of course, that is to be done, as Mr. Potts has agreed to sign it, and have no doubt it will be done.' I then took the bond to the trust company and gave it to Mr. Cuming. Q. What conversation occurred between you and Mr. Cuming at that time? A. He had known previously what the bond was to be, and I assured him Mr. Potts was to sign it. Made him understand Mr. King signed it under these conditions, and that Mr. Potts was to sign the bond. Q. Did you, or did you not, tell him Mr. King's signature was conditional upon the rest signing? A. Now, as I say, it has been seven years since then, but am very sure I made him remember that point; do not remember the words used, but am sure Mr. Cuming and I both understood that point, that Mr. King's liability depended upon the signature of the other names mentioned in the bond. Q. I understand, Dr. Williams, that there is no doubt in your mind that you gave Mr. Cuming to understand that Mr. King's signature to the bond was conditional upon obtaining the other signatures? A. I certainly did. Q. I mean at the time? A. I did not say right at the time. As I say, it has been seven years ago when in Mr. Cuming's office we talked this matter over and I do not remember whether I sent him the bond or took it to him; that is the reason I say I do not remember whether I handed it to him or not. He sent for me, or I went to see him, I do not remember which, and we talked the matter over, but Mr. King said he did not want to be held on the bond without the other signature, and I said I would get it just as soon as I could, that would be in two or three days."

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $3,486.67. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Thomas Ridgway,* with him *John J. Ridgway,* for appellant.—The law is clear that an obligor in a bond, who signs

upon condition that another person named in the bond shall also execute it, is not liable if the other person is not secured: Sharp v. U. S., 4 Watts, 21; Fertig v. Bucher, 3 Pa. 308; Miller v. Stem, 12 Pa. 383; Keener v. Crago, 81* Pa. 166; Warfel.v. Frantz, 76 Pa. 88; People v. Bostwick, 32 N. Y. 445; Bank v. Phelps, 34 Conn. 92; Goodyear Dental Vulcanite Co. v. Bacon, 151 Mass. 460 (24 N. E. Repr. 404); Smith v. Board of Supervisors, 59 Ill. 412; Smith v. Kirkland, 81 Alabama, 345 (1 So. Repr. 276); Crawford v. Foster, 6 Ga. 202; Pawling v. U. S., 8 U. S. 219; Burke v. Dulaney, 153 U. S. 228 (14 Sup. Ct. Repr. 816); Ins. Co. v. Wilson, 187 U. S. 467 (23 Sup. Ct. Repr. 189).

*George S. Graham*, with him *Joseph Gilfillan*, for appellee.— In order to relieve a surety who has signed the bond, because another surety who is mentioned in the bond did not sign, there must be some evidence showing that the one signing was not to be responsible unless the others mentioned in the bond as proposed sureties, signed; and this fact was communicated to the obligee at or before the time it accepted the bond: Gleeson's Est., 192 Pa. 279; Whitaker v. Richards, 134 Pa. 191; Simpson v. Bovard, 74 Pa. 351; Loew's Adm. v. Stocker, 68 Pa. 226; Grim v. School Directors, 51 Pa. 219; Keyser v. Keen, 17 Pa. 327.

OPINION BY MR. JUSTICE ELKIN, February 21, 1910:

This is a suit against one of the sureties on a bond containing a joint and several obligation to pay. The defense is that the appellant signed the bond on condition that Potts, a proposed third surety, should also sign it, and inasmuch as Potts did not subsequently sign as contemplated, no liability attaches to King. There is no difficulty about the law in such cases, and as a rule the controversy is as to the facts. This is true in the present case. When one becomes surety on a bond on condition that another shall also become a co-surety, and the instrument is delivered to the obligee with this understanding after notice, and subsequently the proposed co-surety refuses or neglects to sign, the surety who did sign on condition is not liable. This rule is recognized in all our cases, but the obligee

must have notice of the conditional signing before delivery. What understanding or arrangement the obligors may have had among themselves has no binding force upon the obligee unless the bond was accepted with knowledge of the alleged conditions. In the case at bar there is nothing in the bond to indicate a conditional execution. When plaintiff introduced in evidence the bond and lease and proved the amount due by the principal a prima facie case was made out. The burden was then on appellant to meet this situation by countervailing proof which the learned court below concluded was not done. After a careful reading of all the testimony we have reached the same conclusion. The effort was to prove that the president of the trust company had been notified at or before the delivery of the bond of the alleged conditional signing by King. He testified in the most positive terms that he had received no such notice and that the bond was not taken upon any such condition by the trust company. The testimony of Williams relied on to prove notice is vague, indefinite, inconsistent and in some instances contradictory. When put to the test he would not say that notice of the conditional signing by King was given to Cuming before the delivery of the bond. If given after the delivery it was too late because in the absence of notice the trust company had a right to rely on the bond according to its terms when delivered and accepted. The rights and liabilities of the parties were fixed as of that date. The bond on its face was an absolute undertaking, and the testimony of Williams is too vague and indefinite to permit a jury to guess or conjecture whether some other kind of liability was intended by the parties. The learned trial judge was clearly right in the disposition of the case and we are not convinced that any substantial error was committed.

Judgment affirmed.