# CHARLESTON.

RALEIGH COUNTY COURT v. COTTLE *et al.*

Submitted February 13, 1917.   Decided February 20, 1917.

1.  SHERIFFS AND CONSTABLES—*Action on Sheriff's Bond—Pleading and Proof.*

    Under the plea of *non est factum,* in an action upon the bond of a sheriff, the sureties sued may, to escape liability, prove, by oral or documentary evidence, that the county court had notice that the bond was not to become operative by acceptance unless and until executed by other persons as sureties.   (p. 663).

2.  SAME—*Recovery on Sheriff's Bond—Premature Acceptance.*

    If such condition is violated by a premature acceptance, with knowledge or notice of the condition on the part of the obligee, it can not recover on the instrument.   (p. 663).

3.  PLEADING—*Special Plea.*

    Where matters set up in a special plea in such action are provable under the general issue entered, the plea is properly rejected. (p. 662).

4.  OFFICERS—*Official Bond—Liability.*

    Where an officer, gives two or more successive bonds, liability for mal-administration thereunder falls only upon the sureties on the bond or bonds in force when the default occurred.   A renewal bond does not cover any defaults occurring before its execution, unless by its terms the liability is so extended.   (p. 665).

Error to Circuit Court, Raleigh County.

Action by the County Court of Raleigh County against C.

V. Cottle and others. Judgment for plaintiff, and defendants bring error.

*Reversed, and new trial awarded.*

*J. M. Anderson, W. H. Rardin, J. E. Summerfield* and *A. P. Farley,* for plaintiffs in error.

*J. W. Maxwell,* for defendant in error.

LYNCH, PRESIDENT:

Against defendants, the principal and sureties on the last one of the four bonds executed by C. V. Cottle, who in 1908 was elected sheriff of Raleigh county for the term beginning January 1, 1909, the county court upon motion and a directed verdict obtained the judgment of which complaint is made on this writ of error. The first bond was executed December 21, 1908; the second November 9, 1910; the third April 11, 1911, and the fourth November 25, 1911. In each one of them the conditions are, but the sureties are not, the same.

The defendants appeared specially to move and did move to strike the proceeding from the trial docket and to quash the notice. They also demurred thereto. These motions and the demurrer being overruled, in which rulings no error is perceived, they entered a plea of conditions performed, and tendered four special pleas, the first and third of which the court refused permission to file, but did permit the second and fourth to be filed. By the first special plea defendants denied that the indemnity is their bond, because they allege it was distinctly understood and agreed between them and the county court that it was not to be accepted or approved by that court unless and until the sureties in the last preceding bond also signed and acknowledged it. By the third plea they averred that, because out of moneys collected after the date of the bond from levies for public purposes Cottle paid to the auditor state taxes in arrears for former years, they ought to be allowed credit to that extent on the amount in any event chargeable to them. But this plea apparently was rejected, properly, because the matters averred were provable under the general issue. *State* v. *Hays,* 30 W. Va. 107; *Altizer* v. *Buskirk,* 44 W. Va. 256.

What was the legal principle invoked to reject plea number one we can only surmise. It may have been the conception either that, as appears from the order of the county court approving the bond, the defendants were personally present and jointly participated in the actual execution of that instrument, or that, as there is no apparent irregularity or want of formality or completeness on its face, they are estopped to attempt to evade the liability assumed by showing any agreement, understanding or notice that the county court was not to approve or accept the bond except upon the condition averred in the plea. The first proposition, if the recitals of the order be true, is too plain to need citation of authority. The delivery and acceptance, consented to, concludes them. And doubtless it was upon it that the trial court acted, because the second proposition does not find general favor among the best authors and the most competent courts. For although a bond of indemnity may in form be complete and perfect, nevertheless it will not bind the signatories if it be accepted by the payee or his agent with the knowledge or upon notice that the bond is not to become effective as an indemnity unless and until it is signed by other persons designated by them. The mere execution of the instrument, however formal it may be, by one or more of the contemplated sureties, will not operate to charge them with liability for the default of the principal, if the obligee knew or had notice that it was not to be considered complete for acceptance until fulfillment of the condition. This knowledge or notice may be shown by proof, oral or documentary. *Stuart* v. *Livesay,* 4 W. Va. 45; *Newlin* v. *Beard,* 6 W .Va. 110; *Nash* v. *Fugate,* 32 Gratt. 595. Although formally perfect, it is not the bond of those who executed it, except upon compliance with such condition. A payee having such notice or knowledge will not, according to the great weight of authority, be permitted to recover upon a bond so prematurely accepted. The authorities cited so hold. Such, indeed, is the general rule, applicable alike to promissory notes, bonds of indemnity and other similar transactions. The supreme court of the United States applied it to a note given for real estate upon the condition that it should not become operative as such until

the maker could examine the property to determine whether he would purchase it. *Burk* v. *Dulaney,* 153 U. S. 228. Joyce on Defenses to Commercial Paper §315, under the heading ''condition that other signatures be procured'', lays down the rule in such cases to be that it may be shown that the instrument was delivered in violation of such condition. *Ward* v. *Churn,* 18 Gratt. 801, affirms the same proposition with reference to a bond delivered to an obligee with knowledge of the requirement on the part of those who do execute it that to become operative others are to join therein. The obligee was denied the right to a recovery.

If a bond be perfect and complete upon its face when delivered to the obligee or his agent, neither of whom then had notice or knowledge of any limitation or restriction as to its operative effect as a binding instrument, the makers are precluded from denying its validity, although other persons were to sign it. *Lyttle* v. *Cozad,* 21 W. Va. 200; *Star Grocery Co.* v. *Bradford,* 70 W. Va. 496. But if the obligee or his agent had knowledge or notice before or at the time of the acceptance that the signatures of sureties other than those who then had signed it were to be procured, it will not operate to bind the sureties who did execute it. Murfree on Official Bonds, §168; 32 Cyc. 45. ''A deed or bond signed, sealed and delivered to the obligee, or his previously constituted agent, upon condition, is not the deed of the party signing it until the condition is complied with''. *Newlin* v. *Beard, supra; Solenberger* v. *Gilbert,* 86 Va. 789. Though in a negative form, *Lyttle* v. *Cozad, supra, Long* v. *Campbell,* 37 W. Va. 665, and *Nash* v. *Fugate,* 24 Gratt. 202, approve the same doctrine.

The judgment must also be reversed for another reason. By it the defendant sureties are required to bear the burden of the mal-administration of their principal if committed at any time within the term for which he was elected, whether before or after they conditionally engaged to be bound as indemnitors. It is not made to appear with certainty whether the bond described in the notice of the motion was a new bond which the county court of its own motion required as provided by §20, ch. 10, Code, or one procured by the former

sureties as permitted by section 21 of that chapter. The difference is important, if not vital. If the officer had failed or refused to execute either instrument when so required, on the county court section 20 devolved the duty to declare the office vacant. But if he executed and delivered an additional indemnity the sureties on it, together with those who signed former bonds, are jointly liable for defaults of the principal made after the date of the additional bond, while only the former are liable for previous defaults. If the instrument sued on be a new bond, the sureties on the former bonds and their estates were, by §22, ch. 10, Code, discharged from liability only for any breach of duty committed by Cottle after its date. So that in no event can a surety on any bond of Cottle be permitted to escape total liability on the contract of indemnity executed by him, where the breach occurred while the bond remained in force; and defendants clearly were chargeable in this proceeding only with the consequences of defaults by their principal occurring after the date of the bond of November 25, 1911. *State* v. *Wade,* 15 W. Va. 524. The general rule is that where a sheriff gives two or more successive bonds the liability for a default falls upon the sureties on the bond which was in force when the default occurred, and the renewal bond does not cover any defaults which occurred before its execution, unless by its terms the liability is so extended. 35 Cyc. 901. In the bond now before us there is no intimation of a purpose to assume liability for all the consequences of dereliction on the part of the principal. The county court with respect to the bond occupies a dual position. It is the active agent in procuring the indemnity. That duty devolves on it by statute. It also represents the taxpayers of the county, and, as such representative, is required to see that the bond is in due form and protected by adequate security. It is authorized also to institute and prosecute action thereon whenever necessary to recover for any defaults of the principal in the administration of the office to which he is elected.

To correct the errors pointed out, it is necessary to reverse the judgment and remand the case for new trial, with costs to defendants.           *Reversed, and new trial awarded.*