## Poynter et al. v. Smith.

March 6, 1942.

170

C. L. Tartar for appellant.

B. J. Bethurum for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

On June 30, 1928, the defendant, Beecher Smith, signed as surety a guardian's bond for $2,000 executed by Mrs. Lula B. Sears as principal guaranteeing her faithful discharge of the trust as the guardian of her two infant children, who were then six and four years of age. The record shows that on Aug. 4, 1928, Mrs. Sears deposited to her credit as such guardian in the First National Bank of Somerset two checks aggregating $1,990.92, representing the two infants' interest in the proceeds of a life insurance policy on their deceased father. From that date until Aug. 28, 1931, she made ten small deposits making the total deposited in the bank to her credit as guardian $2,259.09. Mrs. Sears made the following withdrawals from this account: Aug. 20, 1928, $490; Aug. 27, 1928, 1,053.92; May 10, 1929, $527.67. In seven other withdrawals (only one of which amounted to as much as $40), between Oct. 19, 1929 and Sept. 12, 1931, she consumed the remaining $187.50 of her guardian account.

Mrs. Sears was a school teacher and the record shows she earned as such $2,971.64 during the six years she taught from 1928 to 1935; also, she personally obtained $995.46 from her husband's life insurance. In addition to teaching, Mrs. Sears operated a country store and was the postmistress at Dahl, Pulaski County, and her fees from the post office averaged about $30 per month. She died on May 26, 1936, leaving practically no estate and without having made any settlement of her accounts as guardian with the county court, as provided by Section 2037, Kentucky Statutes.

On Jan. 20, 1938, the plaintiff, W. E. Poynter, qualified as guardian of the two infants and instituted this action against Smith as surety upon Mrs. Sears' bond, seeking to recover the face of the bond, $2,000, with interest thereon from Sept. 1, 1928, the date it is alleged the bond was breached. The answer raised four issues. 1. Mrs. Sears was insolvent and unable to support her children and it was necessary for her to, and she did, use the funds she held as guardian for the support and maintenance of her wards. 2. She fraudulently represented to Smith that C. E. Randolph and George Eaton, two financially responsible men, also would sign the bond as sureties; that he relied upon such representation and signed the bond upon the condition these two men would sign it, therefore, when the bond was accepted and approved by the county judge without their signatures, it was void as to him (Smith). The third and fourth defenses pleaded were the statute of limitations and laches.

The case was referred to the master commissioner to hear proof and pass on all the questions of law and fact. In a full and well-considered report, the master found: (a) Mrs. Sears was able to support her children, and as it was not shown she expected to make a charge for their maintenance, the bondsman could not raise such defense. (b) The order of the county court shows this bond was executed by Smith as surety and nothing more; that the real obligees being infants, conditions not shown in the record are unavailable against them and that defendant is attempting to collaterally attack the judgment of the county court approving the bond. (c) That an action on a guardian's bond is not barred until 15 years after the infant becomes of age. (d) That the surety was not caused to change his position to his detriment by the delay in bringing suit, hence laches does not apply. The report allowed no interest and found plaintiff should recover only the face of the bond, $2,000.

The defendant filed exceptions to the commissioner's report on the same four grounds raised in his pleadings, and the plaintiff excepted thereto because interest was refused him. The chancellor overruled the plaintiff's exceptions, as well as all the exceptions filed by the defendant, save the one that the bond was signed conditionally. The chancellor held the bond was not binding on the defendant because he signed it on condition that two other sureties would sign with him, and upon their

failure to so do.the condition was violated. From the judgment of the chancellor dismissing the petition, plaintiff appeals.

There is abundant proof to support the finding of the commissioner as approved by the chancellor that Mrs. Sears was financially able to support her children. The statute of limitations does not begin to run on a guardian's bond until the ward has arrived of age. Section 2521, Kentucky Statutes; Blake v. Wolfe, 105 Ky. 380, 49 S. W. 19, 50 S. W. 2; Bybee's Ex'r v. Poynter, 117 Ky. 109, 77 S. W. 698, 25 Ky. Law Rep. 1251. As neither of the infants had reached his majority at the time this action was instituted, it was not barred by the statute of limitations. Nor could laches apply here because the defendant does not even contend he changed his position to his detriment due to delay in plaintiff bringing suit. Williams' Adm'r v. Union Bank & Trust Co., 283 Ky. 644, 143 S. W. (2d) 297, 131 A. L. R. 1364.

Hence the only questions which need be considered on this appeal are: 1. Did the defendant sign the bond only on condition that the other two persons mentioned in the pleadings and proof would sign same? 2. Should interest have been allowed on the face of the bond from the alleged date it was breached, Sept. 1, 1928?

It is argued by defendant that as he proved by his secretary, C. A. Gaskins, Mrs. Sears represented to him (Smith) that the other two sureties would sign the bond and as Smith told the county judge and the woman writing up the bond in the county court clerk's office he was signing same only on the condition the other two sureties signed, that a fraud was perpetrated on him by Mrs. Sears and he is entitled to have the bond cancelled. Defendant rests heavily on Raleigh County Court v. Cottle, 79 W. Va. 661, 92 S. E. 110, Ann. Cas. 1918D, 510, and the Kentucky cases of Garvin v. Mobley, 1 Bush 48, 64 Ky. 48; Whitaker v. Crutcher, 5 Bush 621, 68 Ky. 621; Hall v. Smith, 14 Bush 604, 77 Ky. 604; Smith v. Spragins, 109 Ky. 535, 59 S. W. 855, 858, 22 Ky. Law Rep. 1085, 95 Am. St. Rep. 391.

Smith v. Spragins is to the effect that where a pleading avers one signed a replevin bond as surety with the agreement of the debtor and of the officer taking it that the bond was not to be delivered until signed by other sureties whose names appeared in the body of the instru-

ment, the pleader states a cause of action for the cancellation of the bond and should be allowed to go to proof. This Smith case cites Garvin v. Mobley, 1 Bush 48, 64 Ky. 48, and Whitaker v. Crutcher, 5 Bush 621, 68 Ky. 621, which likewise have no application to the instant case. Nor has Hall v. Smith, 14 Bush 604, 77 Ky. 604, any application. Appellee forgets that in the case at bar the bond was executed for the benefit of infants of tender years, who were without notice that others were to sign the bond, as he claims. Nor was either of the cases just mentioned brought upon a bond executed pursuant to an order of court, or approved by court order, as was the bond in the instant case; hence there was no question of collateral attack upon a court order as is raised here. If the body of the instant bond, or the court order approving same, had designated the other two sureties and they had not signed the bond, we would have quite a different question from the one now presented. Fletcher v. Leight, 4 Bush 303, 67 Ky. 303 and Raleigh County Court v. Cottle, 79 W. Va. 661, 92 S. E. 110, Ann. Cas. 1918D, 510, shed no light on the question confronting us as they only hold that a bond executed by a surety on condition that other sureties are to sign same and the obligee knew or had notice of that fact, such bond is not binding on the surety without the signatures of the additional sureties.

Courts can only speak through their records and parol testimony cannot impeach such records. Simpson v. Antrobus, 260 Ky. 641, 86 S. W. (2d) 544. The order of the Pulaski County Court appointed Mrs. Sears as guardian and fixed the amount of her bond at $2,000 and recited that it was signed by her with Smith as surety; the order further approved and accepted the bond and recited Mrs. Sears had qualified thereunder. The Pulaski County Court is a court of record and under Kentucky Statutes, Sections 1057 and 2015, it has jurisdiction to appoint and remove guardians of minors and to settle their accounts, and its judgment is not subject to collateral attack. Paslick v. Shay, 148 Ky. 642, 147 S. W. 369; Wells' Adm'x v. Heil, 243 Ky. 282, 47 S. W. (2d) 1041; Louisville & N. R. Co. v. Powers, 268 Ky. 491, 105 S. W. (2d) 591. Here the judgment of the county court approved the bond which is relied upon as evidence of a right, and defendant's attack upon the validity of the bond is a collateral attack upon that judgment. Decker v. Tyree, 204 Ky. 302, 264 S. W. 726. No principle of law

is better settled than that judgments are not subject to collateral attack. Louisville & N. R. Co. v. Bays' Adm'x, 220 Ky. 458, 295 S. W. 452.

The wisdom of this rule is well illustrated in this instance where defendant is seeking to destroy the force and effect of a judgment binding him as surety on a guardian's bond ten years after it was entered, when the principal is dead and when doubtlessly all memory of the execution of the bond has passed out of the minds of the county judge who made the order and the county clerk who recorded it. Had plaintiff in his reply availed himself of the plea of laches, there could be but little doubt defendant's contention that the failure of the other two sureties to sign the bond would have been barred by his negligent delay in raising the question. During all these years Smith could have obtained a release from the bond by resorting to Sections 2015, 2024, 2026 and 2037, Kentucky Statutes. Stringers' Guardian v. Stringer, 263 Ky. 355, 92 S. W. (2d) 339.

Under the case of National Surety Co. v. McNeill's Guardian, 251 Ky. 509, 65 S. W. (2d) 721, a bondsman is liable for interest on the face of the bond from the date when the loss of the fund occurred to the wards. An examination of the guardian's bank account shows that on May 10, 1929, Mrs. Sears checked out the last cent her wards had in the bank and after this date there was no material balance to her credit as guardian, therefore we conclude the loss to the infants occurred on May 10, 1929, and the chancellor should have allowed interest on the face of the bond from that date as is provided in Section 2035a-1, Kentucky Statutes; Burton v. Burton's Committee, 262 Ky. 499, 90 S. W. (2d) 687.

The judgment is reversed with directions to enter one in favor of the plaintiff for $2,000 with interest as above specified.