## CUMMINGS v. UNITED CLAY PRODUCTS CO.

### No. 61.

[Municipal Court of Appeals for the District of Columbia.

April 6, 1943.

Peter G. Chaconas, of Washington, D. C., for appellant.

P. J. J. Nicolaides, of Washington, D. C. (William F. Kelly, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

O. R. Snow, trading as D. C. Plastering Company, by written agreement purchased from United Clay Products Company certain building material at the price of $356.-37. In the body of the agreement appeared the following:

> "We hereby guarantee full payment of the account of D. C. Plastering Co. for all materials delivered by you to the above job in accordance with the terms shown below.
> "Signed James Cummings
> "Signed ——————
> "1830 Columbia Road, N. W.,
> "Washington, D. C."

Snow failed to make payment and United Clay Products Company sued both Snow and Cummings. Service was not obtained upon Snow and the action went to trial

against Cummings alone. Trial was without a jury.

·At the trial the agreement of purchase was introduced in evidence and it was stipulated that the material was sold and delivered as claimed, that Cummings had signed the guaranty provision of the agreement, and that payment for the material had never been made. This was the substance of plaintiff's testimony.

Cummings testified that Snow had asked his help in getting some material from plaintiff by guaranteeing Snow's account; that a few days thereafter one Evans, an agent of plaintiff, met with Snow, Cummings and one Katz and discussed the proposed sale of material to Snow, and as the result of this conversation it was agreed by Evans, Cummings and Katz that both Cummings and Katz would sign a contract guaranteeing payment of the account; that it was agreed Evans should prepare the contract and present it to Cummings and Katz for their signatures; that several days later Evans brought to Cummings' place of business a contract he had prepared, which was the contract offered in evidence; that at this time Katz was not present, and Cummings stated to Evans that he understood Katz was to sign and asked Evans if he, Cummings, should obtain Katz's signature; that Evans replied he would secure Katz's signature and thereupon Cummings signed the contract and delivered it to Evans reminding him to get Katz's signature, and Evans specifically agreed to do so.

When Cummings' direct testimony was completed, the court, stating cross-examination of Cummings was not necessary, asked if defendant had other witnesses. Katz thereupon testified substantially the same as Cummings regarding the agreement reached between himself, Cummings and Evans, and testified that the contract was never presented to him for signature and consequently he had never signed. Upon completion of the direct testimony of Katz, the court, stating cross-examination of Katz was unnecessary, announced it was ready to find in favor of the plaintiff. Such finding was made and judgment entered thereon and from that judgment defendant has appealed.

It is the contention of defendant that he signed the contract of guaranty on the condition that Katz should likewise sign and that because of plaintiff's failure to secure the signature of Katz, as agreed, he never became bound.

In Brandt, Suretyship and Guaranty, 3rd Ed., § 450, it is stated: "If the surety signs the obligation upon the condition that another shall also sign it as surety before it shall be binding on him, and this condition is agreed to by the creditor, or is known to him when he takes the obligation, the surety is not generally liable unless the condition is complied with."

The foregoing principle has been recognized in many cases [1] and the question here is whether that principle applies to the state of facts of the present case. We do not have here the question so often raised in cases of this nature as to the obligee's notice or knowledge of the agreement between the guarantors. It is uncontradicted that Evans, plaintiff's agent, knew of and was a party to the agreement that both Katz and Cummings would sign. Indeed, Evans prepared the contract for both signatures.

While the mere belief or expectation that others will sign is not sufficient to make signing by one surety conditional on others signing,[2] yet a signing and delivery may be conditional without the use of express words to that effect.[3] Whether the signing by Cummings was conditional upon Katz also signing, and whether that was the agreement between parties concerned, is a conclusion to be drawn from all the circumstances which properly form a part of the entire transaction. We think the uncontradicted testimony of the defendant and his witness was sufficient to require the plaintiff to present testimony regarding the negotiations leading to the execution of the written agreement and explaining its failure to secure the signature of Katz.

Accordingly the judgment is reversed with instructions to award a new trial.

Reversed.

[1] Dair v. United States, 16 Wall. 1, 21 L.Ed. 491; United States v. Boyd, 8 App. D.C. 440; United States v. O'Neill, C.C. Wis., 19 F. 567; Joyce v. Cockrill, 6 Cir., 92 F. 838; Rice v. Fidelity & Deposit Co., 8 Cir., 103 F. 427; Hale County v. American Indemnity Co., 5 Cir., 63 F.2d 275; Columbia Avenue Trust Co. v. King, 227 Pa. 308, 76 A. 18; Raleigh County Court v. Cottle, 79 W.Va. 661, 92 S.E. 110, Ann. Cas.1918D, 510.

[2] Union Pacific Tea Co. v. Dick, 87 Conn. 711, 89 A. 204; State ex rel. McClamrock v. Gregory, 119 Ind. 503, 22 N.E. 1.

[3] Hunter v. First National Bank, 172 Ind. 62, 87 N.E. 734.